No. 13,202.

Williams, Administrator *v.* Miller.

(27 P. [2d] 502)

Decided November 20, 1933.

Mr. A. L. Doud, Mr. Benjamin Griffith, Mr. Charles R. Enos, Mr. Harold H. Healy, Mr. Theodore A. Chisholm, for plaintiff in error.

Mr. Max D. Melville, Mr. Clee E. Hickman, for defendant in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

DEFENDANT in error James R. Miller, plaintiff below, filed his verified claim in the Denver county court against the estate of George B. Ehrenkrook, deceased, which reads: "One hundred dollars per month during claimant's lifetime under an executed agreement between him and George B. Ehrenkrook, decedent, involving an exchange of real properties; and claimant asks that sufficient properties of this estate be sequestered and administered during his lifetime to provide the payment of said one hundred dollars per month to him for each and every month during claimant's said lifetime." The claim was disallowed in the county court and on appeal to the district court there was a trial before a jury which returned a verdict in favor of the plaintiff for $1,970.80, upon which judgment was entered in Miller's favor. Defendant's motion for a new trial was overruled and the administrator of George B. Ehrenkrook's estate is prosecuting this writ of error.

The plaintiff in error states that the amount found to be due the claimant was arrived at by calculating the amount of the monthly payments, which plaintiff claimed to be due him, up to the time of the trial in the district court, against which was credited a note and deed of trust due the estate from the claimant, leaving a balance in favor of the claimant as above stated. If plaintiff is entitled to recover anything the amount awarded by the jury is not questioned.

Counsel for plaintiff in error say that the controversy between the parties arose out of the following facts as shown by the evidence. George B. Ehrenkrook was in the real estate business in Denver. The claimant Miller was an elderly man, about seventy-five years of age. He owned some ranches in Prowers county, Colorado. He had a son Sidney, a practicing lawyer, in Detroit, Michigan, who wished to have his aged father assured of an

income during the remainder of his life. To this end the son Sidney, acting for and in behalf of his father, and at the father's request and consent, carried on an extensive correspondence with George B. Ehrenkrook with a view to an exchange of his father's farm properties in Prowers county for an income bearing apartment house in Denver owned by Ehrenkrook, upon which there was a large incumbrance. As a result of the dealings between the parties, evidenced by the extended correspondence, plaintiff Miller became the owner of the apartment house in Denver theretofore owned by Ehrenkrook and Ehrenkrook became the owner of the Prowers county farms formerly owned by Miller. Thereafter the incumbrances against the Ehrenkrook apartment house were foreclosed because of default in payment of the amount due thereon and Miller thereby lost his interest therein. Miller claims that this correspondence between the parties demonstrates that he had a contract with Ehrenkrook whereby, as one of the considerations for the exchange of properties, Ehrenkrook agreed to pay the claimant one hundred dollars per month during the claimant's life.

The contention of the administrator of the estate of Ehrenkrook is that George B. Ehrenkrook was to manage the apartment house for the claimant and to pay to him out of income thereof the sum of $100 per month so long as Miller lived. Miller's contention is that as the result of the agreement between the parties in the exchange of properties, Ehrenkrook promised absolutely, among other things, to pay to Miller $100 per month during Miller's lifetime, while the administrator claims that the promise was to pay him $100 per month only and so long as such income was sufficient to justify such payment.

Until George B. Ehrenkrook's death it is conceded that he paid to Miller $100 per month. Later the widow as administratrix of the estate assumed this obligation and continued to pay $100 per month until such time as the

estate was convinced, as she says, that the income from the apartment was not sufficient to meet the sum, and thereupon she refused to make further payments. The object of the pending litigation is to determine which of the respective contentions is right. The widow having resigned as administratrix, plaintiff in error was duly appointed administrator.

Mrs. Emma Palo Loske, who is referred to in the discussion by counsel as Mrs. Palo, was the confidential clerk in the office of George B. Ehrenkrook for a number of years before his death. She was called as a witness by the claimant and testified that she heard George B. Ehrenkrook say that one of the provisions of this contract of exchange of properties was that he was required thereby to pay to Miller during the latter's lifetime $100 each and every month. It should be said, however, that upon cross-examination by defendant's counsel, the witness, if she did not become confused, at least in a measure contradicted her own testimony by saying that her understanding was that Ehrenkrook was to manage the apartment house for Miller, which the latter received in the exchange of properties, and make this monthly payment out of the income which he received from the rent of the property. The jury believed and relied upon that part of the testimony of Mrs. Palo which was to the effect that Miller was to receive $100 per month during his lifetime whether or not the net rentals of the apartment house amounted to that sum. Another witness testified in substance to the same effect. But irrespective of the testimony of Mrs. Palo, and assuming for our present purpose that it is inconsistent with itself, we are satisfied that the letters of George B. Ehrenkrook to the plaintiff Miller and to his son Sidney introduced in evidence, show conclusively that Ehrenkrook, as one of the considerations for the exchange of properties, agreed to pay to Miller absolutely $100 per month during the rest of his natural life. The following we find in Ehrenkrook's own letters to Miller and his son:

In a letter of George B. Ehrenkrook of date September 17, 1925, to James R. Miller, the plaintiff in this case, he said: "I know I always can pay you the $100 a month out of this property and can gradually reduce the mortgage, and would pay you the $100.00 a month and pay off the mortgage." In Ehrenkrook's letter of date September 21, 1925, to Sidney R. Miller, Detroit, Michigan, the son of the plaintiff in this case and who, as already stated, conducted throughout the negotiations for the exchange of properties, we find the following: "And I would always see that your father got a $100.00 a month as long as he lived." In another letter of George B. Ehrenkrook, of date September 21, 1925, to the plaintiff, in referring to the exchange contract between the parties, among other things, wrote: "I know now I can pay you the $100.00 a month and use the balance to pay off the encumbrances." This observation was in reference to the income from the apartment house at 13th and Corona streets which Miller had received in the exchange of properties. In a letter of George B. Ehrenkrook, of date November 12, 1925, to the plaintiff, in referring to the Corona street apartment house, among other things, he said: "The apartments are cheap and in a nice location so no doubt we will fill them during the balance of the month, but you need not worry about this apartment, as we are the ones that are doing the worrying, and you will get your $100.00 each month." In another letter of Ehrenkrook written about the same time to Sidney R. Miller, the former, in referring to the apartment house which Miller had received in the exchange of properties, among other things, said: "We will cut the rents some as Denver has built a little too much in apartments. Rest assured we are doing all we can to rent them and will always do this. And regardless of renting or not I shall always see your Father gets his $100 each and every month."

Considering these statements of George B. Ehrenkrook himself as to the conditions of the contract of ex-

change between him and plaintiff Miller, and bearing in mind that Ehrenkrook, so long as he lived, paid to the plaintiff Miller $100 each month irrespective of the net receipts from the rent of the apartment house, the jury was justified in concluding, as it did, that one of the terms of the contract of exchange between these parties was that Ehrenkrook was to pay Miller $100 for each and every month during his lifetime.

It is pertinent to say that throughout the trial the trial judge was careful in his rulings upon objections to evidence to see that the rights of the estate were protected. If there were any erroneous rulings throughout the trial they were against the plaintiff rather than the defendant. While the testimony of Mrs. Palo was somewhat inconsistent, it sufficiently appears therefrom and the other evidence in the case, that George B. Ehrenkrook during his lifetime paid $100 a month to the defendant in error Miller when the receipts from the apartment house in question were not producing sufficient net revenue to amount to $100 a month. Notwithstanding this fact Ehrenkrook himself, so long as he lived, continued to pay Miller $100 each and every month. The prevailing rule in this jurisdiction, as it exists generally in the reviewing courts of this country, is that if there is sufficient legal evidence to sustain the judgment of the trial court, although there may be conflicting evidence, the judgment below must stand. There is nothing in this record which would justify us in setting aside the findings of the jury, for such findings, which were approved by the judge presiding at the trial, are sustained by the evidence. The judgment is therefore affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HILLIARD concur.